UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JEREMY PINSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 13-134-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| JOHN DOE #1, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Four prisoners in the custody of the Bureau of Prisons ("BOP") filed this lawsuit, alleging that the BOP and an unknown officer violated their rights under the First and Eighth Amendments. R. 1 at 4–5. The prisoners previously had filed a separate action against certain BOP employees. *Id.* While that case was pending before the United States Court of Appeals for the District of Columbia Circuit, the prisoners allege that the unknown officer attempted to get them to drop the case by threatening to spread a rumor that they were "snitches." *Id.* at 4. The plaintiffs did not drop their case, and the officer allegedly followed through on his threat, making the conditions of the prisoners' confinement substantially more dangerous. *See id.* The plaintiffs claim that the defendants retaliated against them in other ways, too. *See id.* at 5. They allege that the BOP conducted daily searches of at least one plaintiff's cell after the plaintiffs refused to drop the case. *See id.*

At this preliminary stage of the proceedings, the Court has no occasion to wade into the merits. None of the four plaintiffs paid the filing fee or filed for leave to proceed *in forma pauperis*. Absent payment of the filing fee or an application to proceed without

payment of the fee, the Court may not authorize commencement of a prisoner suit. *See* 28 U.S.C. § 1915(a). In the ordinary case, the Court would inform the plaintiff of the deficiency and offer him thirty days in which to cure it. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The structure of this case, however, poses an unusual set of problems: Managing multi-plaintiff prisoner suits is notoriously difficult, and perhaps impossible. As other district courts in this circuit have thoughtfully observed, the joinder of multiple prisoners as plaintiffs raises several serious problems. *See Ward-El v. Heyns*, No. 13-13595, 2013 WL 4776114, at *2–*3 (E.D. Mich. Sept. 6, 2013); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 30, 2009).

The Court will not recite each of the reasons discussed in those cases. For present purposes, it suffices to highlight the one concern that looms largest here: The reality that prisoners are often transferred from one prison to another. *See Ward-El*, 2013 WL 4776114, at *3. Even in cases where prisoners start in the same prison, it is possible that the BOP will transfer some of them. *See id.* The plaintiffs here are already separated: When the plaintiffs filed this suit, three of them were incarcerated in Florence, Colorado, and the fourth was in Inez, Kentucky. R. 1 at 2. Since then, the BOP website indicates that at least one of the plaintiffs has already been transferred.

The prospect of managing one case involving multiple prisoners at multiple prisons raises daunting procedural problems. For example, Rule 11(a) of the Federal Rules of Civil Procedure requires each plaintiff to sign each *pro se* pleading. So, if this action proceeded in its current form, the BOP would have to circulate each filing to each prisoner at each facility before the plaintiffs could file it with the Court. The Court would thus have to schedule

2

lengthy deadlines even for the filing of routine motions. The imposition of such lengthy deadlines for each filing would grossly delay the resolution of this suit. And such delays would be necessary to permit each prisoner simply to sign each filing—who knows how long it might take for the prisoners to collaborate adequately, so that each filing reflects their collective opinion at any particular stage of the case. For this reason, among others, courts in this circuit regularly have declined to allow such suits to proceed. *See, e.g.*, *White v. Tenn. Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402, at *1 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action.").

Joinder is the rule and severance the rare exception. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Nevertheless, Rule 21 vests the Court with discretion to sever claims. Fed. R. Civ. P. 21. When the Court exercises that discretion, a separate suit is born. *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). Here—where multiple plaintiffs incarcerated at multiple prisons seek to pursue a joint suit—the practical difficulties inherent in the character of the action trump the usual considerations of efficiency that ordinarily support joinder. *See White*, 2007 WL 1309402, at *1.

Accordingly, it is **ORDERED** that:

(1) The plaintiffs' claims are **SEVERED** into four separate cases. Jeremy Pinson shall remain as the sole plaintiff in this case.

(2) The clerk **SHALL CREATE** three new docket numbers—one for each of the other three plaintiffs.

(3) The plaintiffs each failed either to pay the filing fee or to apply for leave to proceed *in forma pauperis*. By **Monday, March 24, 2014**, the plaintiffs must

3

each either pay the full filing fee or apply to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915(a), using the attached forms. If any of the plaintiffs fails to comply with this order, the Court will dismiss his case. *See McGore*, 114 F.3d at 609.

   a. The clerk **SHALL MARK** the assigned case numbers on a form Civil Rights Complaint [EDKy Form 520]; an Application to Proceed Without Prepayment of Fees and Affidavit [AO Form 240]; and a Certificate of Inmate Account [EDKy Form 523]. The clerk **SHALL SEND** the appropriate documents (*i.e.*, the ones bearing his case number) to each plaintiff.

(4) The clerk **SHALL FILE** in the record of each case the complaint, R. 1, and this order.

This the 20th day of February, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge